PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2001 Chevrolet Silverado struck a section of guardrail on US Route 119, locally designated Spencer Road, in Clendenin, Clay County. US Route 119 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 10:00 a.m. on April 17, 2010. At the location of the incident, US 119 is a two-lane, paved road that curves to the right and is bordered on the right side by a guardrail. Claimant lay Carper testified that he is familiar with and frequently drives on US 119. However, according to the Claimant, the road had been resurfaced prior to this incident and was not marked with lane lines or warning signs. Mr. Carper testified that he approached the curve at the same time as oncoming traffic, and as he drove through the curve he stayed towards the right edge of the road, but his vehicle remained on the pavement. Mr. Carper testified that although he was still on the road, he could hear the guardrail scrape the right side of his vehicle. It is Claimant’s allegation that when US 119 was resurfaced it was also widened causing the guardrail end cap to protrude approximately 3 5 inches over the pavement. When Claimant returned to take pictures of the guardrail approximately one month after the incident, he asserts that the end cap had been removed and the guardrail had been extended along the road, and the original end cap was placed farther down the guardrail away from the pavement. As a result of this incident, Claimants’ vehicle sustained a dent, a quarter of an inch to an inch deep, from the front passenger fender through the bed of the truck costing $1,482.30 to repair. Claimants’ vehicle had liability insurance only.
It is the Claimants’ position that Respondent knew or should have known about protruding guardrail end cap on US Route 119 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain US Route 119 or provide proper warning to the traveling public of the known hazardous condition prior to the incident.
The position of Respondent is that it did not have actual or constructive notice of the condition on US Route 119 at the time of the incident. Kevin Quinlan, Investigator for the Legal Division of Respondent, testified to having 20 years of experience investigating motor vehicle accidents as a State Trooper prior to being employed by Respondent. Quinlan’s expert opinion is that if Claimant were driving 35 miles per hour and scraped the side of his truck from the front to the back on the guardrail, then Claimant must have cut the apex of the curve and driven in a straight line, which probably would have resulted in Claimant crashing his vehicle into a telephone pole approximately 100 feet away. Quinlan conceded, however, that he was unaware of variables such as Claimant’s vehicle’s weight and braking distance which could have made it possible for Claimant to avoid hitting the nearby pole.
Quinlan testified that he could find no record of the work to the road surface and guardrail on US 119 because it was performed under a yearly contract by a contractor who is not required to notify Respondent when they do work. David Fisher, Highway Administrator for Respondent in Clay County, testified that he is *251 generally familiar with the resurfacing work that was performed on US 119 and that it was performed by contractors, although he did not lcnow the dates. Fisher estimated that the resurfacing work may have taken up to two weeks to complete and that during the project there were warning signs to alert motorists of road work.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice that its contractors were performing work on the pavement and guardrails on US 119. The evidence presented at hearing leads the Court to conclude that the surface of the roadway was widened as a result of resurfacing, and the location and condition of the end of the original guardrail supports Claimant’s contention that the end cap protruded slightly over the edge of the pavement prior to being repositioned. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the Respondent, the Court is also of the opinion that the Claimant was negligent in driving too near the edge of the unmarked road. In a comparative negligence jurisdiction such as West Virginia, the Claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the Claimant’s negligence equals thirty-five percent (35%) of his loss. Since the negligence of the Claimant is not equal to or greater than the negligence of the Respondent, Claimant may recover sixty-five percent (65%) of the loss sustained.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimants should be awarded the sum of $963.50.
Award of $963.50.